IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.  07-00040-03 |
| | : | |
| DOROTHY PRAWDZIK | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                          **August 25, 2008**

Dorothy Prawdzik is charged in a superceding indictment with fifteen counts of using minors to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct which were produced using materials that had been sent by mail and shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. §§ 2251(a) and 2251(e).  Under Rules 414 and 404(b) of the Federal Rules of Evidence, the government has moved to admit evidence of Miss Prawdzik's alleged sexual abuse of two minor victims, occurring at separate times, to prove her propensity to commit the crimes charged in this superceding indictment.  For the following reasons, I will grant the motion in its entirety.

**I.  BACKGROUND**

It is alleged in the superceding indictment that Miss Prawdzik engaged in various sexual acts with co-defendant John Jackey Worman and four minor victims.  The government seeks to introduce testimony of Miss Prawdzik's daughter who would testify that when the daughter was ten years old, she engaged in sexual acts with her mother and

Worman.[1]  In addition to testimony from the victim, Miss Prawdzik also gave a statement to agents during a proffer session in which she admitted to taking part in those acts with her minor daughter and Worman.  In a separate memorandum, I determined that these statements are admissible at trial.

There is also testimony from Miss Prawdzik's minor nephew ("JP") who is prepared to testify that Miss Prawdzik engaged in several sexual acts with him when he was between the ages of nine and twelve from 2001 through 2004.  The government argues that the testimony from these alleged victims will establish by a preponderance of the evidence that Miss Prawdzik committed the acts and that evidence of these acts is highly probative because it demonstrates that Miss Prawdzik has a propensity to commit sexual crimes involving children.

## II.  LEGAL STANDARD

Generally, evidence of other crimes, wrongs, or prior bad acts is not admissible to prove character or demonstrate action in conformity with those acts, but may be admitted "for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  FED. R. EVID. 404(b).  Moreover, Federal Rules of Evidence 413-415 "establish exceptions to the general prohibition on character evidence in cases involving sexual assault and child

---

[1] Miss Prawdzik's daughter ("Chr.B.") is a named victim in Counts VI through X against Worman alone.  Those alleged acts took place between May 2001 and August 2002.  The acts involving Miss Prawdzik allegedly occurred in 1997 and are not part of the superceding indictment.

molestation." Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 151 (3d Cir. 2002). Rules 413 and 414 apply to criminal proceedings, while Rule 415 applies to civil trials. Id. Thus, in child molestation cases, evidence of prior acts potentially is admissible under both Rule 414 or one of the exceptions to Rule 404(b). Rule 414 provides, in pertinent part, as follows:

> (a)    In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant. . . .
>
> (c)    This rule shall not be construed to limit the admission or consideration of evidence under any other rule.
>
> (d)    For purposes of this rule and Rule 415, "child" means a person below the age of fourteen, and "offense of child molestation" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved:
>
> > (1)    any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child;
> >
> > (2)    any conduct proscribed by chapter 110 of title 18, United States Code;
> >
> > (3)    contact between any part of the defendant's body or an object and the genitals or anus of a child;
> >
> > (4)    contact between the genitals or anus of the defendant and any part of the body of a child;

3

        (5)      deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on a child; or

        (6)      an attempt or conspiracy to engage in conduct described in paragraphs (1)-(5).

The language of these rules is ambiguous as to whether the past "offense of sexual assault" must be a conviction. Id. The legislative history of Rules 413-415 indicates that Congress intended to allow admission not only of prior convictions for sexual offenses, but also of uncharged conduct. Id. at 151-152 (citing 140 Cong. Rec. 23,603 (1994) (Statement of Rep. Molinari) ("The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule"). Nevertheless, limits need to be placed on the admissibility of uncharged conduct in order to ensure that the accuser may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." Johnson, 283 F.3d at 152 (quoting Huddleston v. United States, 485 U.S. 681, 689 (1988)). For reasons of judicial efficiency and economy, however, the district court cannot be expected to conduct a "trial within a trial" to determine the veracity of the proffered evidence. Id.

The language of Rule 414 is silent on the steps a district court must take when deciding whether to admit evidence of prior instances – charged or uncharged – of child molestation. In Huddleston, the Supreme Court of the United States considered the same

4

issue in the context of Federal Rule of Evidence 404(b), and relied on the standard in Federal Rule of Evidence 104(b) as the applicable safeguard against the risk of introducing prejudicial unsubstantiated evidence. Johnson, 283 F.3d at 152. Rule 104(b) provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." In the case of prior acts evidence, the Supreme Court held that the question of a defendant's commission of a prior act was one of conditional relevancy, i.e., the relevancy of the bad act is conditioned on the defendant's having committed it. Id. Under Rule 104(b), no preliminary finding is required; rather, the trial "court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact – [whether the defendant committed the prior act] – by a preponderance of the evidence." Id. (quoting Huddleston, 485 U.S. at 690).

The Third Circuit also noted that because Rule 404(b) and Rules 413-415 are similar in that they allow the admission of past acts – including uncharged conduct – most courts considering the issue have concluded that "Huddleston's standard for screening uncharged conduct applies to Rules 413-415." Johnson, 283 F.3d at 153 (citations omitted). Thus, a district court considering evidence under Rule 414 must decide whether a reasonable jury could find by a preponderance of the evidence that the past act was an "offense of child molestation" under Rule 414(d)'s definition and that it was committed

by the defendant.  Id. at 154.

### III. DISCUSSION

The superceding indictment in this case charges Miss Prawdzik with fifteen (15) counts of manufacturing child pornography, in violation of 18 U.S.C. 2251(a) and (e), a crime found in Chapter 110 of Title 18 of the United States Code.  Therefore, she is "accused of . . . offense[s] of child molestation" as defined under Rule 414.  See Rule 414(d)(2).

The evidence that the government seeks to admit reveals acts which constitute child molestation as described under Rule 414(d)'s definition, and are similar to the acts charged against Miss Prawdzik in the superceding indictment.  At the hearing on the motion, Miss Prawdzik's daughter testified that one day when she was ten years old, she was home sick from school.  She and her mother were picked up by Worman and taken to his house.  While she was watching television, she heard her mother and Worman arguing in the kitchen, but was unable to determine why they were arguing.  Shortly thereafter, Worman and Miss Prawdzik approached the daughter and sexually assaulted her.

At the same hearing, Miss Prawdzik's nephew testified that when he was ten or eleven years old, he was living with his father in his grandmother's house.  JP's father is Defendant Prawdzik's brother, and his grandmother is Defendant Prawdzik's mother.  From time to time, his grandmother would bring JP over to Miss Prawdzik's house to visit with Thomas, Miss Prawdzik's son and JP's cousin.  JP described two occasions

when, while he was alone with Miss Prawdzik at her home, she sexually assaulted him. Co-defendant Worman was not in the house and did not take part in those sexual acts. JP's grandmother, also named Dorothy Prawdzik, testified at the hearing in an effort to impeach JP's testimony. She testified that she never took JP to her daughter's house because her son refused to allow JP to visit Miss Prawdzik. She also said that JP had lied on other occasions, e.g., about breaking a window and about riding his bicycle when he was forbidden to ride it. Upon cross-examination, the grandmother conceded that her son was convicted of sexually abusing JP and that JP had been required to testify against his father at the trial. Considering her son had forbidden JP to visit Defendant Prawdzik, the grandmother had more incentive to lie on the stand about taking JP to her daughter's house, than JP did. Notwithstanding the negative testimony regarding JP's boyhood pranks, I find JP's testimony more credible than that of his grandmother.

     Under Rule 414(d), an "offense of child molestation" means a crime that involved (3) contact between any part of the defendant's body or an object and the genitals or anus of a child; or (4) contact between the genitals or anus of the defendant and any part of the body of a child. The conduct about which Miss Prawdzik's daughter credibly testified at the hearing involves a mother and daughter engaged in sexual acts together with a third party. Likewise, JP credibly testified about conduct involving Miss Prawdzik making contact with his genitals. These acts satisfy the definition of an offense of child molestation under Rule 414. Under these circumstances, I find that a reasonable jury

could determine by a preponderance of the evidence that the past acts were offenses of child molestation under Rule 414(d)'s definition and that they were committed by Miss Prawdzik.

Even if a trial court is satisfied, however, that the proffered past act evidence satisfies Rule 104(b), however, it may still exclude it under Federal Rule of Evidence 403, which allows for evidence to "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Johnson, 283 F.3d at 156. Congress intended for the probative value of the proposed evidence to outweigh its prejudicial effect where the past act sought to be introduced under Rule 414 is demonstrated with specificity, and is sufficiently similar to the type of sexual assault allegedly committed by the defendant. Id. (citing 140 Cong. Rec. 15,209 (1994) (Statement of Rep. Kyl) (recognizing as the archetypal case one in which "there is a clear pattern of conduct by an accused who has been convicted of similar conduct"). Conversely, where a past act cannot be shown with reasonable certainty, its probative value is reduced and it may prejudice the defendant unfairly, confuse the issues, mislead the jury, and result in undue delay and wasted time – all reasons for excluding evidence under Rule 403. Id. A district court should also consider "the closeness in time of the prior acts to the charged acts, the frequency of the prior acts, the presence or lack of intervening events, and the need for evidence beyond the

testimony of the defendant and alleged victim." Id. (quoting United States v. Guardia, 135 F.3d 1326, 1330 (10th Cir. 1998)).

The proposed evidence is highly prejudicial, especially considering the additional factor of incest.  It is also highly probative, however, because it tends to show that Miss Prawdzik has a propensity to commit sexual crimes against children, notwithstanding her potential defenses of duress and lack of knowledge of the alleged activity.  The alleged acts between Miss Prawdzik, her daughter, and Worman occurred during 1997, and the alleged acts between Miss Prawdzik and her nephew occurred during the period between 2001 and 2004.  The time frame of the acts in the proposed evidence approximates the time frame of the acts alleged in the superceding indictment.  Both of the victims would testify to the specifics of the repeated acts of abuse and would be available to be cross-examined by the defendant.  Both victims are blood relatives of Defendant Prawdzik and the abuse took place while in Defendant's Prawdzik's care.  Given these circumstances and in light of the congressional intent as shown above, I find that because the proposed testimony of previous abuse can be demonstrated with specificity and the conduct is sufficiently similar to the type of sexual assault allegedly committed by Miss Prawdzik, its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Therefore, I will admit the testimony of both victims.

The proposed evidence would also be admissible under Rule 404(b) of the Federal Rules of Evidence to show proof of Miss Prawdzik's state of mind, her motive or opportunity, and an absence of mistake or accident. The court has discretion to admit evidence under this rule, but the Third Circuit has required that the trial court place on the record a clear explanation of the basis for the admission of the evidence. United States v. Murray, 103 F.3d 310, 316 (3d Cir. 1997).

The Supreme Court provided the following analysis for evaluating and admitting Rule 404(b) evidence. The evidence should be admitted: (1) if it is offered for a proper purpose; (2) if it is relevant; (3) if the evidence's probative value is not substantially outweighed by its unfair prejudice; and (4) if the court properly instructs the jury that it should consider the evidence only for the proper purpose for which it was admitted. Huddleston v. United States, 485 U.S. 681, 691-692 (1988). Accordingly, "where the evidence only goes to show character, or that the defendant had a propensity to commit the crime, it must be excluded. Where, however, the evidence also tends to prove some fact besides character, admissibility depends upon whether its probative value outweighs its prejudicial effect." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992).

First, evidence that Miss Prawdzik had participated in previous sexual misconduct with minors alone or with a third party establishes that Miss Prawdzik had the state of mind necessary to commit the offenses charged, that she had the motive or opportunity to commit those offenses, and that she did not commit the acts for which she is charged by

10

accident or mistake.  All of these reasons are permissible purposes under Rule 404(b).

Second, testimony of Miss Prawdzik's previous acts of sexual abuse of children is

relevant evidence of her sexual orientation toward children, and demonstrates her motive,

opportunity, and knowledge to commit the offenses for which she is charged.  Such

testimony also dispels any possible notion that Miss Prawdzik was mistaken as to the true

nature of the activity with which she is charged or that she was being threatened or

coerced into such activity by Worman.  Third, as discussed above, under the

circumstances of this case, the proposed evidence's probative value is not substantially

outweighed by its unfair prejudice.  Finally, if the testimony were admitted solely under

Rule 404(b), I would charge the jury during the trial in accordance with Third Circuit

Model Criminal Jury Instruction 2.23 regarding the limited nature and relevance of the

Rule 404(b) evidence.  However, as the comment to that instruction provides:

> This instruction should not be given when the other act
> evidence was admitted under Rule 413 or 414 of the Federal
> Rules of Evidence.  Those rules allow the prosecution to
> introduce evidence of similar acts in prosecutions for sexual
> assault or child molestation.  The evidence of prior conduct
> admitted under those rules "may be considered for its bearing
> on any matter to which it is relevant."  As a result, no limiting
> instruction should be given.

Accordingly, I find that the proposed evidence of Miss Prawdzik's prior sexual

misconduct would also be admissible under Rule 404(b) of the Federal Rules of

Evidence.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 07-00040-03 |
| | : | |
| DOROTHY PRAWDZIK | : | |

**O R D E R**

**STENGEL, J.**

      **AND NOW,** this   25th   day of August, 2008, upon consideration of the government's motion to admit evidence of other crimes (Document #75), the defendant's response thereto (Document #79), and after a hearing on the motion, it is hereby ORDERED that the motion is GRANTED in its entirety.

                            BY THE COURT:

                            /s/ Lawrence F. Stengel
                            LAWRENCE F. STENGEL, J.