**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| vs. | : | NO. 13-5799 |
| | : | (07-CR-0040-03) |
| DOROTHY PRAWDZIK | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                      October 6, 2014

Dorothy Prawdzik filed this *pro se* motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, alleging a denial of her Sixth Amendment right to effective assistance of counsel.  Ms. Prawdzik bases her claim of ineffectiveness on counsel's failure to: 1) investigate the authenticity of evidence;  2) interview prospective witnesses that could have provided an alibi for her;  3) represent her properly during pre-trial proceedings;  and 4) provide adequate representation before, during, and after the trial.  The government filed a response.  Because the record shows conclusively that Ms. Prawdzik is not entitled to relief, I will deny her motion without a hearing.[1]

**I. BACKGROUND**

Dorothy Prawdzik was convicted on September 19, 2008 and sentenced on April 1, 2009 on fifteen counts of use of a minor to produce visual depictions of sexually

---

[1] Under 28 U.S.C. § 2255, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court must grant a hearing to determine findings of facts and conclusions of law. 28 U.S.C. § 2255(b).  If the non-frivolous claims clearly fail to "demonstrate either deficiency of counsel's performance or prejudice to the defendant" then the claims do not merit a hearing.  United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).  Ms. Prawdzik failed to meet her burden of affirmatively proving prejudice on all of her claims.  Because the motion and records of the case conclusively show that Ms. Prawdzik is entitled to no relief, I will dismiss the motion without a hearing.

explicit conduct and aiding and abetting.  Ms. Prawdzik was indicted along with John Jackey Worman and Concetta Jackson, and went to trial with Mr. Worman after her motion to sever defendants was denied.  United States v. Prawdzik, 484 F.App'x 717, 719 (3d Cir. 2012), cert. denied, 133 S. Ct. 291 (2012).

In January 2006, the Delaware County District Attorney's Office started investigating Mr. Worman and Ms. Prawdzik after Ms. Prawdzik's daughter Chr.B. reported being sexually abused by Worman.  Id.  After finding naked pictures of her younger brother on the family computer, Chr.B. came forward because she was concerned that her brother and sister were also being abused.  United States v. Worman, No. 07-00040, 2008 U.S. Dist. LEXIS 67251, *1 (E.D. Pa. Sept. 4, 2008), aff'd, 484 F.App'x 727, (3d Cir. 2012).  In a handwritten statement to the police, Chr.B. described the sexual assault and how Mr. Worman kept videos and photographs of the encounters on his computer:

> When [Mr. Worman] started the sex he started to videotape me and then he said he skans [sic] the video on a disk and saves it into the computer at 103 Walnut Street.  Everything happened in his room.  He told me that no one would ever get it.  When he dies, he'll tell me the password and only I will see the good times we had.[2]

484 F.App'x at 719.

The police recovered over 1.2 million images, including 11,000 video clips, and approximately sixty hours of videotape showing Worman sexually assaulting minors.  Id.  Mr. Worman's cache of homemade child pornography seized by police contained videos

---

[2] 103 Walnut was the home of Mr. Worman's mother.  Mr. Worman lived there with his mother, three of Ms. Prawdzik's children, and the child they had together.

2

and photographs of Ms. Prawdzik sexually abusing four of her nieces. Id. One particularly disturbing video showed Ms. Prawdzik positioning her ten-month-old niece in front of a camera and recording an encounter in which Mr. Worman sexually assaulted the infant. Ms. Prawdzik herself later admitted to police that she had taken part in the incident. Id. at 722-723.

The court assigned attorney Steven G. Laver to represent Ms. Prawdzik in the proceedings after her arrest on January 25, 2007. At trial, three of Ms. Prawdzik's children and her nephew testified to her propensity to abuse minors sexually. Id. at 720. Especially of note, Ms. Prawdzik's oldest daughter, Cha.B., testified that Ms. Prawdzik and Mr. Worman had sexually abused her at the same time when she was ten years old. Id. Ms. Prawdzik subsequently sent her children to live with Mr. Worman, with full knowledge of his sexual tendencies and propensity to abuse children sexually. Id. at 723. Ms. Prawdzik's nephew also testified that she had sexually abused him, completely independently from Mr. Worman, on multiple occasions. Id. at 720.

After a ten day trial, a jury found Ms. Prawdzik guilty of all fifteen counts of use of a minor to produce visual depictions of sexually explicit conduct and aiding and abetting. Id. At sentencing, I granted the government's motion for an upward departure and sentenced Ms. Prawdzik to 360 months in prison. Id. Ms. Prawdzik appealed, claiming that I had erred in admitting the testimony of Cha.B. and statements Ms. Prawdzik made to the police, and in denying her motion for acquittal. She further contended that I abused my discretion in granting an upward departure for sentencing.

Id. at 720-723.  The Third Circuit affirmed this court's judgment on all grounds.  Id. at 723.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may challenge an unlawful sentence by filing a motion to vacate, set aside or correct the sentence directed to the sentencing judge.  To prevail under 28 U.S.C. § 2255, a prisoner must show that the court imposed the sentence in violation of the Constitution or laws of the United States, lacked jurisdiction to impose the sentence, imposed a sentence in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

The benchmark for judging a Sixth Amendment ineffectiveness of counsel claim must be whether counsel's conduct so undermined the proper functioning of the adversarial system as to render the results of the proceedings unreliable.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  When considering a § 2255 motion to vacate, the court must accept as true all facts alleged unless they are clearly frivolous based on the existing record.  United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (citing Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.1989)).  Vague and conclusory factual allegations are insufficient to support a § 2255 motion and may be disposed of without further investigation by the court.  United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).  Factual allegations that are clearly refuted by the record are considered frivolous and may be dismissed.  See United States v. Dawson, 857 F.2d 923, 927-28 (3d Cir. 1988).

To prove that counsel was so ineffective as to warrant the reversal of a sentence, a defendant must show that: 1) counsel's performance was deficient based on prevailing professional norms; and 2) counsel's deficient conduct prejudiced the defense. Strickland, 466 U.S. 668, 687.  Both of these elements must be satisfied for an ineffective assistance of counsel claim to succeed.  Id. at 697.

The Third Circuit has read Strickland as requiring the courts to analyze the prejudice prong of the test first before scrutinizing the attorney's conduct.  United States v. Fulford, 825 F.2d 3, 8 (3d Cir. 1987).  Under Strickland, the petitioner has the burden of affirmatively proving prejudice.  466 U.S. at 693.  To prove prejudice affirmatively, the petitioner must state facts sufficient to show that counsel's errors were so serious that the petitioner was deprived of a fair trial whose result is reliable.  Id. at 687.  It is not enough for the petitioner to show that the errors of counsel had some conceivable effect on the outcome of the proceedings, as not every error that influenced the outcome undermines the reliability of the proceeding.  Id.  Rather, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  To determine if a petitioner has met her burden of proving prejudice, the court must consider the totality of the evidence before the jury.  Id. at 695.  A verdict only weakly supported by the record is more likely to have been prejudicially affected by error than a verdict strongly supported by the record.  Id. at 696.  If the court determines that the petitioner has not met her burden of proving prejudice, the court need not address the issue of the

5

reasonableness of counsel's performance. Wilson v. Vaughn, 533 F.3d 208, 213 (3d Cir. 2008) (citing Strickland, 466 U.S. at 697). While these standards should be guiding principles in its decision, the court should ultimately focus on the fundamental fairness of the proceedings. 466 U.S. at 696.

## III.  DISCUSSION

### A.  Ineffective Assistance of Counsel Claims

Ms. Prawdzik asserts claims of ineffective assistance of counsel in violation of her Sixth Amendment Constitutional rights. Specifically, she claims that counsel was ineffective on four grounds; specifically, that counsel failed to: 1) investigate evidence and prepare for trial; 2) interview prospective witnesses that could have contradicted the Government's testimony; 3) properly represent her during pre-trial proceedings; and 4) provide adequate representation before, during and after trial. Because Ms. Prawdzik fails to prove prejudice affirmatively as to render the outcome of the proceedings unreliable, I will deny her motion.

#### 1.  Failure to Investigate and Prepare

Ms. Prawdzik claims that counsel was ineffective due to his failure to investigate evidence and prepare for trial. Specifically, she asserts that: 1) "certain" videotapes depicting her "seemed edited" and that counsel ignored her request to investigate their authenticity; and 2) counsel failed to interview potential witnesses that could have provided her with an alibi at the time of some of the videotapes.

Ms. Prawdzik's first factual allegation is plainly frivolous. Ms. Prawdzik's assertion that counsel ignored her request to investigate the authenticity of certain

videotapes is directly contradicted by the existing record, which shows that counsel did, in fact, hire an expert who authenticated the videos.  Therefore, this assertion cannot support her claim of ineffective assistance of counsel.

With only the allegation that counsel failed to interview potential witnesses remaining in support of her claim, Ms. Prawdzik has failed to meet her burden of affirmatively proving prejudice.  Ms. Prawdzik claims that what she was charged with - "pertaining to dates"- could have been refuted by witnesses, because she "was somewhere else" at the time some of the videos were taken.  She asserts that counsel's failure to investigate possible corroborating witnesses denied her the possibility of an acquittal.  Ms. Prawdzik does not claim that she is not in the videos and photographs but rather that she was simply "somewhere else" at the time they were taken.[3]  An overwhelming number of photographs and videos were presented at trial that clearly depicted Ms. Prawdzik sexually abusing her minor nieces on numerous occasions.  She also made statements to the police admitting to the sexual abuse of minors.  <u>See</u> 484 F.App'x at 722.  In the face of such overwhelming evidence, no reasonable juror would believe that she was "somewhere else" when videos depicting her own participation were made.  Even if such a witness had been found, the outcome of the proceedings would have undoubtedly been the same.

Further, when considering the totality of the evidence, Ms. Prawdzik has failed to show that there is any probability, let alone a reasonable one, that but for counsel's errors

---

[3] The record indicates that the time stamps on the video and photographic evidence may not have indicated when they were recorded but rather when they were uploaded to the computer.

the jury would have reached a different verdict.  The record in this case overwhelmingly supports the guilty verdict, and the errors alleged by Ms. Prawdzik would do little to reduce the mountain of evidence weighing against her.  Because Ms. Prawdzik has failed to prove prejudice affirmatively, it is unnecessary to examine the reasonableness of counsel's conduct.  Wilson, 533 F.3d at 213.  Ms. Prawdzik is not entitled to relief on her first claim of ineffective assistance of counsel.

### 2.  Failure to Interview Prospective Witnesses

Ms. Prawdzik next claims that counsel was ineffective because of his failure to interview prospective witnesses.  Specifically, she argues that: 1) counsel did not interview witnesses who could have potentially contradicted the testimony of a government witness; and 2) counsel failed to interview witnesses who could have provided her with an alibi.  Id.

Ms. Prawdzik's statement of the facts is insufficient to support her claim.  Ms. Prawdzik does not state which government witness could have been contradicted, what testimony was in question, who would have potentially refuted the testimony, or what the potential witnesses might have said.  She does nothing other than make the vague allegation that a witness's testimony could have been contradicted.  Ms. Prawdzik again asserts that witnesses existed who could have provided her with alibis, but does not mention the names of such witnesses or what exactly their testimony might have been.  Without specific facts regarding the identity and possible testimony of the potential witnesses, Ms. Prawdzik's vague allegations fail to support a claim of ineffective assistance of counsel and may be disposed of without further investigation.  See Thomas,

221 F.3d at 437 (stating that petitioner's claim was legally insufficient because facts alleged were conclusory and vague and did not warrant further investigation).

It is important to note that had Ms. Prawdzik pleaded facts with sufficient specificity, she still would not have met her burden of affirmatively proving prejudice. The verdict was supported by overwhelming evidence in this case, and the result of the proceedings would have been the same, even had counsel interviewed these potential witnesses. Any testimony by witnesses as to an alibi for Ms. Prawdzik would have been directly refuted by visual evidence and would have had little effect on the trial, certainly not enough to render the result of the trial unreliable.

Ms. Prawdzik is not entitled to relief on this claim because the facts alleged are insufficient to support it, and because no prejudice was shown. Considering that Ms. Prawdzik has failed to meet her burden of affirmatively proving prejudice, I need not discuss the reasonableness of counsel's conduct. Ms. Prawdzik's motion must fail on her second claim of ineffective assistance of counsel.

### 3. Failure to Represent Properly During Pre-Trial

Ms. Prawdzik next claims that counsel was ineffective because he failed to represent her properly during pre-trial proceedings. In support of this claim, Ms. Prawdzik alleges that: 1) counsel never notified the courts of "the differences between hisself [sic] and his client;" 2) her request for change of counsel was denied; 3) counsel did not file a motion for house arrest until two years after she requested it; 4) counsel only visited her five times; and 5) counsel tried to persuade her to plead guilty. This claim is also meritless.

9

At least two of Ms. Prawdzik's factual allegations in support of this claim are frivolous. First, Ms. Prawdzik's allegation that counsel never notified the court of "differences between hisself [sic] and his client" is contradicted by her own allegation that her request for change of counsel was denied. The record shows that I addressed the problems between Ms. Prawdzik and counsel during a hearing on her request for substitute counsel.[4] Because the record clearly shows that I was, in fact, aware of the "differences" between counsel and Ms. Prawdzik, her statement alleging otherwise is frivolous.

Second, Ms. Prawdzik's allegation that counsel waited two years to request house arrest is equally without merit. The record shows that counsel requested house arrest for Ms. Prawdzik on October 9, 2007, approximately eight months after counsel was assigned to represent her. Though Ms. Prawdzik does not specifically state when she asked counsel to request house arrest, she clearly could not have asked before counsel was assigned, making her allegation of a two-year delay factually impossible. Therefore, Ms. Prawdzik's allegation that counsel delayed in filing a motion for house arrest is also frivolous.

Based on the remaining allegations, Ms. Prawdzik fails to prove that she suffered prejudice as a result of counsel's actions. As to her allegations that counsel only met with her five times, Ms. Prawdzik fails to demonstrate how the result of the proceeding

---

[4] I noted during the hearing that although the defendant and her counsel had "a difference of opinion," the defendant did not have the right to replace her attorney simply "when there are things that [she didn't] agree with or [didn't] want to hear." I concluded that there was no "irreconcilable difference" that warranted assigning new counsel.

10

would have been different had counsel acted otherwise.  The evidence against her overwhelmingly supported the guilty verdict, and Ms. Prawdzik fails to explain how more meetings with counsel would have tempered the astounding amount of evidence against her.  Ms. Prawdzik previously raised the issue of the amount of time counsel spent with her at the hearing on her request for substitute counsel, which I found unpersuasive.[5]  She also fails to demonstrate how, but for counsel advising her to plead guilty, the outcome of the trial would have been different.  Ms. Prawdzik entered a plea of not guilty, and therefore counsel's advice to plead guilty could not have caused her any prejudice.  See Hill v. Lockhart, 474 U.S. 52 (1985) (discussing a § 2255 motion to vacate a guilty plea that was entered based on counsel's inaccurate advice).  Furthermore, my denial of Ms. Prawdzik's request for change of counsel undermines her argument of ineffective counsel, as the record clearly indicates that I determined counsel to be conducting himself appropriately as of five weeks prior to trial.

    Because Ms. Prawdzik has failed to meet her burden of affirmatively proving prejudice based on both her frivolous and non-frivolous allegations, it is unnecessary to determine whether counsel's conduct was unreasonable.  Ms. Prawdzik is not entitled to relief on her third claim of ineffective assistance of counsel.

---

[5] I explained to Ms. Prawdzik that although many people approaching trial wish to spend more time talking to their attorneys, attorneys are "busy men and women who have cases in other courthouses and other clients" and that "nothing about the preparation to date suggests that [her counsel Mr. Laver] won't be in a position at the beginning of trial to represent [her]."


####     4.   Sub-Standard Representation

Ms. Prawdzik's fourth and final claim asserts ineffective assistance of counsel due to sub-standard representation before, during, and after trial. As support, Ms. Prawdzik asserts that: 1) she had to ask the judge to order counsel to respond to her requests; 2) she did not agree with counsel's strategy but counsel refused to change it; 3) counsel never prepped her for trial; 4) counsel never objected to witness testimony she said was false; 5) counsel did not cross examine witnesses with contradicting information she supplied; 6) counsel never fought for her rights; and 7) even though she claimed to be innocent of the specified charges, counsel never tried to get a counter plea deal where she could plea to lesser charges. Again, this claim is meritless.

Many of Ms. Prawdzik's assertions are vague and conclusory allegations that are insufficient to support an ineffective assistance of counsel claim. Ms. Prawdzik states no specific facts concerning with what strategy she disagreed or why she disagreed with it.[6] She does not specify which witnesses offered false testimony, what exactly the false testimony was, or what contradictory information she offered counsel for cross examination. Ms. Prawdzik makes the conclusory statement that counsel "never fought for her rights," but does not state any specific facts to support this contention. Because these allegations are vague and conclusory, they are dismissed without further investigation. Thomas, 221 F.3d at 437.

---

[6] Even if she had stated with specificity, as the Court in Strickland noted, "strategic choices made after thorough investigation…are virtually unchallengeable." 466 U.S. at 690.

On her remaining allegations, Ms. Prawdzik fails to demonstrate how counsel's conduct caused prejudice to her defense. The evidence in this case weighed extremely heavily against her. Numerous videos and photographs clearly depicting Ms. Prawdzik sexually abusing her nieces, testimony from her children and nephew about past sexual abuse, and her own statements admitting to the abuse were presented at trial. See 484 F.App'x at 720. In light of all of the evidence, I find it unpersuasive that, but for counsel's alleged delayed responses and unsatisfactory preparation of Ms. Prawdzik for trial, the result of the proceedings would have been different.

Ms. Prawdzik's assertion that counsel did not try to get her a plea deal with lesser charges is the only allegation that could feasibly have affected the outcome of the proceedings, had the possibility of such a plea existed. However, when examining the totality of the evidence, it is inconceivable that the government would have offered a lesser plea for such a heinous crime. In fact, the government states in its response to this motion that no plea deal was ever extended to Ms. Prawdzik, and that even if her attorney had asked, no plea deal would ever have been offered to such an "egregious sex offender."[7] Therefore, even if Ms. Prawdzik's counsel had asked for a plea deal to lesser offenses, the outcome of the trial would have been the same because no such plea deal existed.

---

[7] Further, the prosecution asked for and was granted an upward departure in sentencing for Ms. Prawdzik which was affirmed by the Court of Appeals. See 484 F.App'x at 720.

13

Because Ms. Prawdzik has failed to show any prejudice as a result of counsel's conduct, and I need not examine the reasonableness of that conduct. Ms. Prawdzik is not entitled to relief on her fourth and final claim of ineffective assistance of counsel.

### B. Certificate of Appealability

A certificate of appealability may issue only when the applicant has made a substantial showing of the denial of a Constitutional right. See 28 U.S.C. § 2253(c)(2). Such a showing must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Ms. Prawdzik has failed to show that she was denied her Sixth Amendment right to effective assistance of counsel, and therefore fails to show the denial of a Constitutional right necessary to obtain a certificate of appealability. In light of the record, no reasonable jurist could debate whether the petition should have been resolved differently, or that Ms. Prawdzik should be encouraged to proceed further on the issues. Accordingly, a certificate of appealability shall not issue.

## IV. CONCLUSION

The evidence in this case plainly shows that Dorothy Prawdzik is not entitled to the relief she seeks. Her factual allegations are frequently vague, conclusory, and on multiple occasions, frivolous. I previously addressed a number of the concerns that Ms. Prawdzik now raises as evidence of ineffective counsel, as well as counsel's overall performance, and found the complaints to be unsubstantiated and counsel's performance

more than acceptable.[8] Therefore, Ms. Prawdzik fails to state facts sufficient to support her Sixth Amendment claims of ineffective assistance of counsel.

Further, Ms. Prawdzik fails on all grounds to satisfy her burden of affirmatively proving prejudice as a result of counsel's alleged misconduct. Even when Ms. Prawdzik's vague factual allegations are assumed to be true, her assertions barely show that counsel's conduct affected the proceedings at all. In light of the overwhelming evidence against Ms. Prawdzik, it cannot be said that but for counsel's conduct, the result of the proceedings would have been different. The record strongly supports the verdict as it stands, and Ms. Prawdzik is clearly not entitled to relief. I will deny her motion in its entirety.

An appropriate Order follows.

---

[8] In the hearing on Ms. Prawdzik's request for change of counsel, I determined that the "differences" between the defendant and counsel could be worked through and that "just from the number of hearings and conferences…in this case, it appears to the court that [counsel is] doing a very thorough job in preparing."